**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD V. YUHASZ,

    Plaintiff,

       v.

GERARD MCKENNA,

    Defendant.

NO. 3:06-CV-1830

(JUDGE CAPUTO)

## MEMORANDUM

Plaintiff Richard V. Yuhasz seeks to file a *pro se* complaint (hereinafter, "the Complaint") (Doc. 1) against Defendant Gerard McKenna for breach of a contract for Defendant to perform construction on Plaintiff's new home, and has filed an application to proceed with this action *in forma pauperis*.  (Doc. 2.)

**A.**     **Consideration of Plaintiff's Application for *In Forma Pauperis* Status**

The decision whether to grant or deny *in forma pauperis* status rests within the sound discretion of the district court.  *See Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985). 28 U.S.C. § 1915 provides a two-step process for reviewing *in forma pauperis* petitions.  The Third Circuit Court of Appeals has made it clear that this Court should first consider a litigant's financial status and determine whether he is eligible to proceed *in forma pauperis*, before assessing the merits of the underlying complaint.  *Roman v. Jeffes*, 904 F.2d 192 (3d Cir. 1990).  Even if the Court concludes that the person has met the requisites to proceed *in forma pauperis*, however, the Court must dismiss the case if the action is frivolous or brought for an improper purpose.  28 U.S.C. § 1915(e)(2).

Under 28 U.S.C. § 1915(e), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The Court will thus initially examine the Plaintiff's financial situation. Plaintiff claims in his Affidavit/Declaration in Support of Request to Proceed *In Forma Pauperis* (Doc. 2) that he has not worked since 1977, when he suffered a spinal cord injury, and that he has been on a fixed income since that time. He claims to collect "VA & Social Security totaling $1450.00 [per month]". *Id.* He also claims to have accumulated extra income over the past 20 years due to some stock investments, and that these funds were used to put a down payment on his new home. *Id.* Plaintiff goes on to say that "since McKenna's defraudment I've only received approximately $500.00, mostly in %". *Id.* The meaning of this declaration is unclear, but the Court will assume that Plaintiff means he has received a total of approximately $500.00 from his stock investments since the time that the contract dispute initially arose. *Id.* Plaintiff declares that he has approximately $1,190.00 in a bank account. *Id.* He also declares that he owns "1000 shares of [G]ateway stock, currently valued at $1,050.00." *Id.* Finally, Plaintiff states that he owns two pet cats, the care of which cost him an average of $50-75 per month. *Id.* Assuming this to be an accurate depiction of Mr. Yuhasz's complete financial situation, it is the Court's opinion that he qualifies for *in forma pauperis* status.

**B.     Consideration of the Merits of Plaintiff's Complaint**

Now the Court may move to the consideration whether Plaintiff's Complaint is frivolous or brought for an improper purpose. To reiterate the standard stated above,

2

this Court may dismiss a complaint as frivolous under 28 U.S.C. § 1915(e) if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.  A complaint would be considered based on an indisputably meritless legal theory if the reviewing court lacked jurisdiction to hear that action.

Under 28 U.S.C. § 1331, this Court has original jurisdiction of all civil actions arising under the Constitution or laws of the United States.  Though the Plaintiff's Complaint was filed claiming that federal question jurisdiction exists with this Court due to a violation of 42 U.S.C. § 1983 (the Civil Rights Act), there is no mention whatsoever in the Complaint of how this statute, or any federal statute, applies to the present contract dispute.  Therefore, it is the Court's opinion that jurisdiction pursuant to 28 U.S.C. § 1331 does not exist in this case.

To be thorough, the Court will also examine the case for subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The requirements to satisfy jurisdiction under § 1332 are: (1) complete diversity of citizenship of the parties and (2) that the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interests.  It is clear to the Court that neither of the requirements for subject matter jurisdiction are satisfied in the present action.  Both Plaintiff and Defendant are citizens of the Commonwealth of Pennsylvania.  Further, the amount in controversy is far less than the required $75,000.  Consequently, the Court finds that jurisdiction pursuant to 28 U.S.C. § 1332 also does not exist in this case.  Because jurisdiction is not proper in this Court, Plaintiff's Complaint is indisputably meritless and therefore will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

3

**C.      Conclusion**

Plaintiff's application to proceed *in forma pauperis* (Doc. 2) will be granted for the purpose of allowing the filing of the present Complaint (Doc. 1) only.  For the above stated reasons, however, the Court finds that it lacks jurisdiction to consider the present action, and therefore will dismiss, without prejudice, the Plaintiff's Complaint.  Plaintiff is, of course, free to pursue his cause of action in the proper state court.

An appropriate order will follow.


Date: September 25, 2006                                  /s/ A. Richard Caputo
                                                         A. Richard Caputo
                                                         United States District Judge

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

RICHARD V. YUHASZ,

    Plaintiff,

        v.

GERARD MCKENNA,

    Defendant.

NO. 3:06-CV-1830

(JUDGE CAPUTO)

## ORDER

**NOW**, this  25th  day of September, 2006, **IT IS HEREBY ORDERED** that:

(1)    Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is **GRANTED** for the purpose of filing the underlying Complaint (Doc. 1) only.

(2)    Plaintiff's underlying Complaint (Doc. 1) is **DISMISSED** without prejudice to being filed in the proper state court.

(3)    The Clerk of the Court shall mark this matter **CLOSED**.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge